9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe O'VALLE, Defendant-Appellant.
 No. 92-2474.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before KENNEDY and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Joe O'Valle appeals the sentence imposed upon his plea of guilty to a single charge of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, defendant contends that the District Court erred in sentencing him as a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G."), Section 4B1.1, because his prior state conviction for attempted felonious assault is a non-existent crime under Michigan law. For the reasons set forth below, we affirm.
 
 I.
 
 2
 On January 10, 1991, defendant was charged with three counts of distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Pursuant to a plea agreement, defendant agreed to plead guilty to count one of the indictment in exchange for the government's dismissal of the remaining two counts against him. The plea agreement also provided that any sentence imposed "shall not exceed the mid-point of the sentence range that the court finds to be acceptable." Thereafter, a presentence report was prepared which indicated that defendant's prior state convictions for felonious assault and attempted felonious assault subjected him to sentencing as a career offender under U.S.S.G. Sec. 4B1.1. Defendant filed an objection to this report, contesting the validity of his prior conviction for attempted felonious assault. On November 19, 1992, the District Court conducted a sentencing hearing and determined that defendant was a career offender pursuant to U.S.S.G. Sec. 4B1.1. The court then sentenced defendant to 189 months imprisonment and three years supervised release.[1] This timely appeal followed.
 
 II.
 
 3
 Defendant challenges the District Court's classification of him as a career offender under U.S.S.G. Sec. 4B1.1. Section 4B1.1 provides that a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The term "crime of violence" is further defined as any offense under state law "punishable by imprisonment for a term exceeding one year that ... has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. Sec. 4B1.2(1)(i). The only question for this Court is whether, pursuant to Michigan law, attempted felonious assault constitutes a "crime of violence."
 
 
 4
 The Michigan Supreme Court has recently held that the crime of attempted felonious assault does exist under Michigan law. People v. Jones, No. 94307 (Mich. July 27, 1993). The Court explained that:
 
 
 5
 Felonious assault is defined as a simple assault aggravated by the use of a weapon. As such, it includes the element of present ability or apparent present ability to commit a battery.
 
 
 6
 An attempt consists of: "(1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and (2) an act in furtherance of that intent which, as it is most commonly put, goes beyond mere preparation."
 
 
 7
 Id. at 13 (citations omitted). In line with this reasoning, the Michigan Supreme Court could "see no logical impediment to a conviction for attempted felonious assault where the accused intends, while armed with a dangerous weapon, to cause another to reasonably fear an immediate battery," nor could the Court "discern any intent on the part of [its] Legislature to preclude a conviction for attempted felonious assault." Id. at 13. Thus, not only is attempted felonious assault a valid offense under Michigan law, it also has as an element the use, attempted use or threatened use of physical force against the person of another. Consequently, defendant's 1986 Michigan conviction for attempted felonious assault could be used to classify him as a career offender.
 
 
 8
 Defendant also contends that his 1986 conviction (upon a plea of guilty) cannot be used to sentence him as a career offender because one of the explicit provisions of his plea agreement with the state of Michigan was that his conviction for attempted felonious assault could never be used to enhance any of his future sentences. Defendant, however, failed to proffer any evidence to substantiate this claim--not a copy of the plea agreement, not a transcript of the state plea proceedings, not a statement by the defense attorney or prosecutor, and not even his own affidavit. Moreover, if any such agreement was reached, it only meant that defendant's conviction could not be used for enhancement purposes under Michigan's Habitual Offender Act (and did not foreclose its use for enhancement purposes under the federal Sentencing Guidelines).
 
 
 9
 Because attempted felonious assault is a recognized and valid offense under Michigan law, which has as an element the use, attempted use or threatened use of force, the District Court properly sentenced defendant as a career offender.[2]
 
 III.
 
 10
 Accordingly, defendant's sentence is AFFIRMED.
 
 
 
 [1]
 The calculation of defendant's sentence resulted in a guideline range of 168-210 months. Because the plea agreement capped the sentence at the mid-point, a sentence of 189 months was imposed
 
 
 [2]
 Defendant only contests the validity of his 1986 state conviction for attempted felonious assault and concedes the validity of his 1984 state conviction for felonious assault